**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TERRENCE KELLY,

       Plaintiff,       No. 1:19-CV-1300
                   (LEK/CFH)
  v.

ALBANY POLICE DEPARTMENT;
CITY OF ALBANY, NEW YORK,

       Defendants.

---

**APPEARANCES:**

Terrence Kelly
17-A-3855
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070
Plaintiff pro se

### REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Terrence Kelly commenced this action on October 21, 2019, with the filing of a complaint and application to proceed in forma pauperis ("IFP"). See Dkt. Nos. 1 ("Compl"), 2-3 ("IFP Application"). As plaintiff's in forma pauperis application was incomplete, the Court administratively closed the matter. Dkt. No. 5. On January 1, 2020, plaintiff submitted a second IFP application. Dkt. No. 6. Such application was also determined to be definicient and the Court again administratively closed the case. Dkt. Nos. 6, 8. Plaintiff submitted a third IFP application on February 3, 2020. Dkt. No. 9. After reviewing plaintiff's application, the undersigned concludes that plaintiff may

properly proceed IFP for purposes of filing.[1] The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8 (a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to

---

[1] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to, copying and/or witness fees.

2

include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Thus, where a plaintiff proceeds pro se, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d

Cir. 2008) (citation omitted). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of

action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

### B. Complaint

Plaintiff purports to commence this Monell action pursuant to 42 U.S.C. §1983.[2] Plaintiff contends that on January 14, 2017, at approximately 2:30 A.M., he was "operating a 2013 Chevrolet automobile in the City of Albany NY" when "members of the city of Albany police Dept attempted to stop my vehicle." Compl. at 4. "After stopping the vihicle [sic] was driven away thereafter members of the city of Albany police dept engaged in a high-speed chase in pursuit of the vehicle. Upon information, the police vehicles operated at speeds close to 100 MPH in the course of their pursuit of the vehicle." Id. Plaintiff further provides that "[a] police vehicle involved in the chase cut my vehicle off from the front witch [sic] caused me to swerve so I wouldn't collide with the police cruiser." Id. at 4-5. Plaintiff "swerved to miss the police vehicle that stopped directly in front of him" and in the process "lost control of the vehicle and Hit a tree." Id. at 5. Plaintiff contends that "[t]he collision was caused and contributed to by the negligence, gross negligence and recklessness of the defendants. The aforedescribed High Speed chase was permitted, allowed acquiesced and/or caused by the municipal defendants." Id. Plaintiff argues that the "improper chase was in violation

---

[2] Under Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court of the United States held that "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell, 436 U.S. at 690-91).

of and contrary to the polices, procedures, rules, regulations, practices and/or protocols of the city of Albany police dept." Id. Plaintiff contends that as a result of the collision, "one passenger Died and I was hospitalized with serious injurys [sic]. I sustained massive internal bleeding, 3 liver lacerations and was hospitalized for weeks. I still have problems due to the collision." Id. Plaintiff requests "economic and noneconomic damages, pain and suffering, lost of wages." Id. at 6.

### C. Review of Complaint

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. When a court lacks subject matter jurisdiction, dismissal of the complaint is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). To invoke "federal question" jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, plaintiff fails to demonstrate diversity jurisdiction or federal question jurisdiction. Plaintiff is incarcerated in a New York State prison and, accordingly, is a citizen of the State of New York. See Compl. Defendants, the City of Albany and City

of Albany Police Department, are New York State municipalities, and, thus, also citizens of the State of New York. Federal diversity jurisdiction under 28 U.S.C. § 1332(a) exists only when there is complete diversity—where each plaintiff's citizenship is different from the citizenship of each defendant. See Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).[3]

Plaintiff also fails to demonstrate federal question jurisdiction as he has not demonstrated that his claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To state a section 1983 claim, "a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)) (emphasis added). Assuming for purposes of this review that plaintiff has demonstrated that defendants acted under color of state law, plaintiff fails to demonstrate that defendants deprived him of a federal right. Instead, plaintiff's complaint suggests that the officers, in pursuing his vehicle in a high-speed chase, acted negligently, causing or contributing to his vehicle's crashing and his resultant injuries. Compl. at 5. Plaintiff states, at most, a claim for negligence under New York State law.

Although plaintiff's complaint sets forth no explicit violation of a federal law or

---

[3] Plaintiff also has not stated an amount in controversy, but only unspecified "economic and noneconomic damages, pain and suffering, loss of wages. Compl. at 6. An amount in controversy of $75,000 is required for diversity jurisdiction.

7

right, this Court will apply special solicitude to interpret the complaint in the broadest possible light. Even interpreting plaintiff's complaint extremely liberally as attempting state a fourteenth amendment substantive due process claim,[4] through defendants' use of "excessive force" via the high-speed pursuit, the Supreme Court of the United States has held that "'high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983.'" Rochester v. County of Nassau, 10-CV-6017, 2019 WL 955032, at *3, 4[5] (quoting Cnty. of Saramento v. Lewis, 523 U.S. 833, 854 (1998) and citing Harrison v. City of Corning, No. 15-CV-6716 (CJS), 2016 WL 5871369, at *5 (W.D.N.Y. Oct. 7, 2016) ("'[E]ven a minor traffic stop, and pursuit of a fleeing suspect after an unexplained flight from that stop, is a legitimate government interest[;]' however, a pursuing officer may violate the substantive due process clause if he injures the suspect with 'some intent to harm that goes beyond the traffic stop.'") (additional citation omitted)). Plaintiff's complaint sets forth no suggestion that defendants intended to harm plaintiff or "worsen [his] legal plight." Id. However, in light of plaintiff's pro se status, it is recommended that plaintiff be provided with an opportunity to amend his complaint. Plaintiff is advised that, should the District Judge, in reviewing this Report-Recommendation & Order, permit plaintiff an opportunity to

---

[4] This Court has noted that "[t]he substantive due process rights provided by the Fourteenth Amendment apply only in situations where the protections provided by the Fourth and Eighth Amendments are not applicable, such as when a suspected felon is killed during a police chase." Kimbrough v. Town of Dewitt Police Dept., 9:08-CV-03 (GLS/RFT), 2010 WL 3724121 (N.D.N.Y. Mar. 8, 2010). Thus, such rights are not relevant here.

[5] The Court has provided to plaintiff copies of all unpublished cases cited within this Report-Recommendation & Order.

8

amend, any amend complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994). Therefore, if plaintiff is permitted to file an amended complaint, it must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer. Plaintiff may not incorporate by reference any portion of the original complaint.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application to proceed IFP[6] (dkt. no. 9) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's Complaint (dkt. no. 1) be **DISMISSED** without prejudice; and it is

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, that plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation & Order to file an amended complaint, and if plaintiff fails to

---

[6] Plaintiff is advised that, despite being granted IFP status, he is still responsible for all costs and fees associated with this action, including all copying fees and witness fees.

file an amended complaint within that time frame, that the matter be closed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[7]

    Dated: March 12, 2020
           Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).