UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRENCE KELLY,

                    Plaintiff,

     -against-                                   1:19-CV-1300 (LEK/CFH)

ALBANY POLICE DEPARTMENT, *et al.*,

                    Defendants.

---

## DECISION AND ORDER

**I.     INTRODUCTION**

Pro se plaintiff Terrence Kelly brings this lawsuit under 42 U.S.C. § 1983, alleging that the Albany Police Department ("APD") and the City of Albany (collectively, "Defendants") violated his civil rights during the course of a high-speed car chase. Dkt. No. 1 ("Complaint"). Currently before the Court is a Report-Recommendation filed by the Honorable Christian F. Hummel, United States Magistrate Judge, recommending that the Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 11 ("Report-Recommendation"). Plaintiff has not filed objections to the Report-Recommendation. See Docket. The Court now adopts the Report-Recommendation in part and modifies it in part.

**II.    BACKGROUND**

The following allegations are drawn from Complaint and are assumed to be true. See Charles Ramsey Co., Inc. v. Fabtech-NY LLC, No. 18-CV-546, 2020 WL 352614, at *1 (N.D.N.Y. Jan. 21, 2020).

In the early morning of January 14, 2017, Plaintiff was driving his 2013 Chevrolet in the City of Albany. Compl. at 4. Around 2:30 A.M., "members of the [APD] attempted to stop [his] vehicle." Id. "After stopping[,] the v[e]hicle was driven away[,] [and] thereafter members of the

[APD] engaged in a high-speed chase in pursuit of the vehicle." Id. "The police vehicles operated at speeds close to 100 MPH in the course of their pursuit." Id.

Then, "[a] police vehicle involved in the chase cut [Plaintiff's] vehicle off from the front [which] caused [him] to swerve so [he] wouldn't collide with the police cruiser." Id. at 4–5. Plaintiff "swerved to miss the police vehicle that stopped directly in front of [him]" and in the process "lost control of the vehicle and [h]it a tree." Id. at 5.

As a result of the crash, "one passenger [d]ied and [Plaintiff] was hospitalized with serious injur[ies]." Id. Plaintiff "sustained massive internal bleeding, 3 liver lacerations[,] and was hospitalized for weeks." Id. He "still ha[s] problems due to the collision." Id.

Plaintiff contends that "[t]he collision was caused and contributed to by the negligence, gross negligence[,] and recklessness of the defendants." Id. Moreover, the "[h]igh [s]peed chase was permitted, allowed, acquiesced[,] and/or caused by the municipal defendants." Id. On this basis, Plaintiff requests "economic and non[-]economic damages," including for "pain and suffering" and "loss of wages." Id. at 6

## III.    STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07

2

(N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange,
748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL
3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and
Recommendation must be specific and clearly aimed at particular findings in the magistrate's
proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge." § 636(b).

## IV.   DISCUSSION

Judge Hummel recommends dismissing Plaintiff's Complaint on the following bases: (A)
Plaintiff has "fail[ed] to demonstrate diversity jurisdiction or federal question jurisdiction," so
cannot establish the Court's subject matter jurisdiction over this suit, R. & R. at 6–7; and (B)
Plaintiff has "fail[ed] to demonstrate that defendants deprived him of a federal right," as required
to state a claim under § 1983, id. at 7–8. Judge Hummel also recommends granting Plaintiff
leave to file an amended Complaint. Because Plaintiff has filed no objections to the Report-
Recommendation, the Court separately reviews for clear error the two bases for dismissing
Plaintiff's Complaint and the recommendation to grant Plaintiff leave to amend.

### A.  Subject Matter Jurisdiction

First, Judge Hummel states that Plaintiff has "fail[ed] to demonstrate diversity
jurisdiction" because both Plaintiff and Defendants are "citizens of the state of New York." R. &
R. at 6–7. On this point, the Court agrees. However, the Report-Recommendation next states that
"Plaintiff [has] also fail[ed] to demonstrate federal question jurisdiction as he has not
demonstrated that his claims arise 'under the Constitution, laws, or treaties of the United
States.'" Id. at 7 (citing 28 U.S.C. § 1331). The Report-Recommendation then continues by
describing how to "state a section 1983 claim" and explaining how the allegations in the
Complaint fail to state such a claim. Id. at 7.

Where, as here, a complaint asserts claims under § 1983, see Compl. at 1 (indicating that § 1983 is the "legal basis for [the] [C]omplaint"), it is clear that a federal court has subject matter jurisdiction over those claims, see Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) ("[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)."); Frazier v. Turning Stone Casino, 254 F. Supp. 2d 295, 314 (N.D.N.Y. 2003) ("Plaintiffs could rely upon . . . § 1983[] to establish federal question jurisdiction . . . ."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (explaining that whether plaintiff's allegations satisfied all the elements of § 1983 claim was not a jurisdictional issue, but rather an issue as to whether plaintiff had failed to state a claim). Therefore, even though Plaintiff did not object to the Report-Recommendation, the Court rejects as clearly erroneous Judge Hummel's finding that Plaintiff has "fail[ed] to demonstrate federal question jurisdiction."

**B.  Failure to State a Claim**

The Report-Recommendation construes the Complaint to assert a "fourteenth amendment substantive due process claim" based on Plaintiff's injuries sustained during the high-speed car chase described in the Complaint. R. & R. at 8 (citing Rochester v. County of Nassau, 10-CV-6017, 2019 WL 955032, at *3). The Report-Recommendation then recommends dismissing this claim because "Plaintiff's complaint sets forth no suggestion that defendants intended to harm plaintiff or worsen [his] legal plight." Id. at 8 (internal quotation marks omitted) (citing Cty. of Sacramento v. Lewis, 523 U.S. 833, 854 (1998) ("[H]igh-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressable by an action under § 1983.")). To the extent that Plaintiff intends to assert a Fourteenth Amendment Due Process claim, the Court sees no clear error in

this  recommendation or reasoning, and therefore adopts the recommendation to dismiss that claim.

Alternatively, to the extent that Plaintiff intends to assert a Fourth Amendment claim, the Court also finds that such a claim should be dismissed, but for different reasons than those expressed in the Report-Recommendation. The Report-Recommendation recommends dismissal, stating simply that the Fourth Amendment is "not relevant" to Plaintiff's claims and explaining that "the protections provided by the Fourth . . . Amendment[] are not applicable . . . when a suspected felon is killed during a police chase." Id. at n.4 (quoting Kimbrough v. Town of Dewitt Police Dept., 08-CV-03, 2010 WL 3724121 (N.D.N.Y. Mar. 8, 2010). However, there is no dispute that a plaintiff injured during a high-speed chase can bring a Fourth Amendment claim under certain circumstances, such as where the injuries stem from police action intended to terminate the plaintiff's movement. See Brower v. County of Inyo, 489 U.S. 593, 596–97 (1989) (explaining that the Fourth Amendment applies "when there is a governmental termination of freedom of movement through means intentionally applied" and stating that "[i]f . . . [a] police cruiser . . . pulled alongside [a] fleeing car and sideswiped it, producing [a] crash, then the termination of the suspect's freedom of movement would [be] a seizure [under the Fourth Amendment]"); Scott v. Harris, 550 U.S. 372, 381 (2007) (applying the Fourth Amendment to a claim that a police officer, in the course of a car chase, "ramm[ed] his bumper into [the plaintiff's] vehicle" in an attempt to bring the chase to an end).

Here, it is unclear from the allegations in the Complaint whether the police vehicle that "cut [Plaintiff] off from the front" and caused him to crash did so in an attempt to terminate the chase, or did so as a result of losing control of a vehicle operating at "speeds close to or exceeding 100 MPH." Compl. at 4–5. Hence, it is unclear whether the police acted with the

intent necessary to establish a Fourth Amendment violation. But the Court believes the prudent

course—especially given the "special solicitude" due a pro se litigant and the liberal construction

due her or his pleadings, see R. & R. at 3 (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d

471, 474 (2d Cir. 2006)—is to construe a Fourth Amendment claim here as an alternative to the

Fourteenth Amendment due process claim construed by Judge Hummel.

In any event, whether brought under the Fourth Amendment or Fourteenth Amendment's

due process clause, Plaintiff's claims are inadequately pled because he asserts them against

municipal entities[1] but has failed to plausibly allege that any municipal policy or custom caused

the violation of his rights. See Monell v. Department of Social Services, 436 U.S. 658 (1978).[2]

Plaintiff alleges that "[t]he improper chase was in violation of and contrary to the policies,

procedures, rules, regulations, practices, and/or protocols of the [APD]," Compl. at 5, but such

conclusory allegations do not state a claim under Monell, see Ying Jing Gan v. City of New

York, 996 F.2d 522, 536 (2d Cir. 1993) (affirming dismissal of complaint where the Monell

allegations "contained only conclusory and speculative assertions" that the alleged conduct

occurred "pursuant to the practice, custom, policy and particular direction of" the policymaker);

Bruckman v. Greene Cty., No. 19-CV-670, 2020 WL 886126, at *5 (N.D.N.Y. Feb. 24, 2020)

(dismissing Monell claims where the complaint was "bereft of any . . . detail about the nature of

---

[1]  Suing an instrumentality of a municipality, such as a police department, is functionally
the same as suing the municipality itself. See Holmes v. Cty. of Montgomery, No. 19-CV-617,
2020 WL 1188026, at *4 (N.D.N.Y. Mar. 12, 2020) (Kahn, J.) ("[D]epartments that are merely
administrative arms of a municipality do not have a legal identity separate and apart from the
municipality . . . .").

[2]  Monell, of course, does not govern suits against individual officers of a municipality.
But since Plaintiff's Complaint only names the APD and the City of Albany as defendants,
Monell applies.

any suspect policies, practices, or procedures, much less how they caused the . . . defendants to violate" the plaintiff's rights). Therefore, Plaintiff's Complaint is also dismissed on this basis.

### C.  Leave to Amend

The Report-Recommendation recommends that "plaintiff be provided with an opportunity to amend his complaint." The Court adopts this recommendation and grants Plaintiff leave to file an amended complaint within sixty days.

If Plaintiff chooses to file an amended complaint, he should do so in accordance with Federal Rules of Civil Procedure 8, 10, and 15. The amended complaint must bear his original signature and—because it will supersede and replace the original Complaint in its entirety—must be a complete pleading that does not rely upon or incorporate by reference the original Complaint. Plaintiff must include a short and plain statement of the facts that support his claim that the named defendants engaged in misconduct or wrongdoing that violated Plaintiff's rights. If Plaintiff fails to submit an amended complaint within thirty days of the filing date of this Decision and Order, the Clerk will, without further order of the Court, dismiss this action without prejudice.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 11) is **APPROVED and ADOPTED** to the extent it recommends dismissing without prejudice Plaintiff's Complaint for failure to state a claim and **MODIFIED** as to the reasoning for dismissal; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above within **sixty days** of the filing date of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, this matter shall be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall, without further order of this Court, enter judgment indicating that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      April 23, 2020
            Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge

8